IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:16-CR-122-ALM-CAN |
| | § | |
| JOSHUA BRYCE BYNUM (3) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Joshua Bryce Bynum's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on November 3, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Doug Schopmeyer of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Ernest Gonzalez.

Defendant was sentenced on September 15, 2017, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offenses of Conspiracy to Commit Bank Fraud, Count 1, and Theft or Receipt of Stolen Mail Matter Generally, Count 4. These offenses carried a statutory maximum imprisonment term of 30 years on Count 1 and 5 years on Count 4. The guideline imprisonment range, based on a total offense level of 14 and a criminal history category of IV, was 27 to 33 months. Defendant was subsequently sentenced to 30 months imprisonment on each Count, to be served concurrently, followed by supervised release terms of 5 years and 3 years, respectively, also to run concurrently. The terms of supervised release were subject to the standard conditions of release, plus special conditions to include financial disclosure; no new credit; no gambling; alcohol treatment and testing; drug treatment and testing; mental health treatment; sex offender treatment; must not possess or view images of sexually explicit

conduct; search of person, property, house, residence, vehicle, papers, electronic communication or data storage devices or media; $100 special assessment; and $13,682.59 in restitution. On October 25, 2019, the case was reassigned to The Honorable Amos L. Mazzant, III, and Defendant completed his period of imprisonment and began service of his supervised release.

On June 23, 2022, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 209, Sealed]. The Petition asserts that Defendant violated five (5) conditions of supervision, as follows: (1) You must make restitution in accordance with 18 USC 3663 and 3663A or any other statute authorizing a sentence of restitution; (2) You must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervision, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children. You must provide the probation officer with access to any requested financial information to determine if you have purchased, viewed, or possessed sexually explicit material; (3) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (4) You must participate in sex offender treatment services. These services may include psychophysiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor your compliance, treatment progress, and risk to the community. You must abide by all rules and regulations of the treatment program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any costs

associated with treatment and testing. Should you fail to pay as directed, you must perform 3 hours of community service for each unpaid session; and (5) You must not purchase, possess, have contact with, or otherwise use any device which can be connected to the Intranet or used to store digital materials, other than that approved by the U.S. Probation Office. If you need access to an employer-owned Internet-equipped device for employment purposes, you must advise the probation officer before using the device. The probation officer will ensure your employer is aware of your criminal history, and you must agree to use the device for work purposes only [Dkt. 209 at 1-3, Sealed].

The Petition alleges that Defendant committed the following acts: (1) Defendant has failed to pay 10% of his gross salary towards his financial obligations; specifically, he was ordered to pay $200 in special assessments and $13,862.59 in restitution. His last payment was made on November 24, 2021, and his restitution balance is $7,621.75; (2) At a home visit on July 13, 2021, it was discovered that Defendant had three pictures on his cell phone depicting sexually explicit conduct; (3) On May 26, 2022, Defendant was unsuccessfully discharged from mental health treatment after failing to make acceptable progress in the program; (4) On May 27, 2022, Defendant was unsuccessfully discharged from sex offender treatment after failing to make acceptable progress in the program; and (5) After sexually explicit photos were discovered on his cell phone on July 13, 2021, Defendant was ordered by the Court to not access the Internet using an unapproved device; however, he continued to possess and use the very cell phone which was discovered to have the sexually explicit photos stored [Dkt. 209 at 1-3, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to each of the allegations. Having considered the Petition and the plea of true to allegations 1 through 5, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 234; 235].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of seven (7) months, with three (3) years of supervised release to follow.

The Court further recommends imposition or reimposition of the following special conditions: (1) You must provide the probation officer with access to any requested financial information for purposes of monitoring restitution payments and employment; (2) You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full; (3) You must not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full; (4) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (5) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (6) You must participate in sex offender treatment services. These services may include psychophysiological testing (i.e., clinical

polygraph, plethysmograph, and the ABEL screen) to monitor your compliance, treatment progress, and risk to the community. You must abide by all rules and regulations of the treatment program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any costs associated with treatment and testing; (7) You must not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. To this special condition of supervision, the term "sexually explicit conduct" is as defined under 18 U.S.C. § 2256(2)(A) and is not limited to the sexual exploitation of children. You must provide the probation officer with access to any requested financial information to determine if you have purchased, viewed, or possessed sexually explicit material; (8) You must submit to a search of your person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of your conditions of supervision; (9) You must not purchase, possess, have contact with, or otherwise use any device which can be connected to the Internet or used to store digital materials, other than that approved by the U.S. Probation Office. If you need access to an employer-owned Internet-equipped device for employment purposes, you must advice the probation officer before using the device. The probation officer will ensure your employer is aware of your criminal history, and you must agree to use the device for work purposes only; (10) You must allow the U.S. Probation Office to install software designed to monitor any computer, tablet, or cell phone activities on any device you are authorized to use. This may include, but is not limited to, software which may record all activity on the devices you may, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. You must pay any costs related to the monitoring of your

computer usage; (11) You must provide the probation officer with access to any requested financial information for purposes of monitoring your compliance with the imposed Internet access/monitoring conditions. You must advise anyone in your household that any computer, tablet, or cell phone in the household may be subject to monitoring; (12) You must not attempt to remove, tamper with, or in any way circumvent the monitoring software. You must not access any Internet Service Provider account or other online service using someone else's account, name, designation, or alias. You must disclose all on-line account information, including usernames and passwords, to the U.S. Probation Office. You must also, if requested, provide a list of all software/hardware on your computer, as well as telephone, cable, or Internet service provider billing records, and any other information deemed necessary by the probation office to monitor your computer usage; (13) You must not use or possess any gaming consoles (including, but not limited to, Xbox, PlayStation, Nintendo), or devices without prior permission from the probation officer; and (14) You must refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of digital recording and/or photographic equipment.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 15th day of November, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE