IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | § CASE NUMBER 4:16-CR-00122-ALM |
| v. | § |
| | § |
| | § |
| JOSHUA BRYCE BYNUM (3), | § |
| | § |

REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

On July 6, 2023, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Joshua Bryce Bynum. The government was represented by Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Commit Bank Fraud, a Class B felony (Count 1) and Theft or Receipt of Mail Matter Generally, a Class D felony (Count 4). These offenses carried a statutory maximum imprisonment term of 30 years on Count 1 and 5 years on Count 4. The United States Sentencing Guideline range, based on total offense level of 14 and criminal history category of IV, was 27 to 33 months. On September 15, 2017, District Judge Marcia A. Crone of the Eastern District of Texas sentenced Defendant to 30 months imprisonment on each count, to be served concurrently, followed by supervised release terms of 5 years on Count 1 and 3 years on Count 4, to run concurrently. The terms of release were subject to the standard conditions of release, plus special conditions to include financial disclosure, no new credit, no gambling, alcohol treatment and testing, drug treatment and testing, mental health

treatment, sex offender treatment, no possession or viewing of sexually explicit conduct, search of person, property, house, residence, vehicle, papers, electronic communication or data storage devices or media, a $200 special assessment, and $13,682.59 in restitution. On October 25, 2019, Defendant completed his term of imprisonment and began his term of supervision. On November 17, 2022, the term of supervision was revoked, and Defendant was sentenced to 7 months imprisonment followed by three years of supervised release. On May 25, 2023, Defendant began his second term of supervision.

Under the terms of supervised release, Defendant was required to refrain from possessing any gaming consoles (including, but not limited to, Xbox, PlayStation, Nintendo), or devices without prior permission from the probation officer. In Allegation 2 of its petition, the government alleges that Defendant violated his conditions of supervised release by possessing and using a gaming device, Nintendo, on June 15, 2023 without permission from his probation officer. Under the terms of supervised release, Defendant was also required to refrain from purchasing, possessing, having contact with, or otherwise using any device that could be connected to the internet or used to store digital materials other than that approved by the U.S. Probation Office. In Allegation 3 of its petition, the government alleges that Defendant violated this condition of supervised release by possessing and using a gaming device, Nintendo, on June 15, 2023 without permission from his probation officer.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing and using a gaming device without permission from his probation officer, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade C violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegations 2 and 3 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of 10 months, including 153 days of unserved halfway house time, with 2 years of supervised release to follow, the first 6 months of which will be served in a county rehabilitation center.

The court therefore **RECOMMENDS** that Defendant Joshua Bryce Bynum's plea of true be accepted and that he be sentenced to 10 months, including 153 days of unserved halfway house time, with 2 years of supervised release to follow, the first 6 months of which will be served in a county rehabilitation center. The court further **RECOMMENDS** that the place of confinement be FCI Seagoville, Texas. The parties waived their right to objections so this matter shall be presented to the District Judge for consideration.

**So ORDERED and SIGNED this 7th day of July, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE