IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § <br> § <br> § CASE NUMBER 4:16-CR-00122-ALM <br> § <br> § <br> § <br> § <br> § |
| v. | |
| JOSHUA BRYCE BYNUM (3), | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On July 31, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Joshua Bryce Bynum. The government was represented by Dustin Farahnak, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Defendant originally pled guilty to the offenses of Conspiracy to Commit Bank Fraud, a Class B felony, and Theft Or Receipt of Stolen Mail Matter Generally, a Class D Felony. The United States Sentencing Guideline range for these offenses, based on a total offense level of 14 and a criminal history category of IV, was 27 to 33 months. The offenses carried a maximum imprisonment term of 30 years and 5 years, respectively. On September 25, 2017, District Judge Marcia Crone sentenced Defendant to 30 months imprisonment followed by three years of supervised release, subject to the standard conditions of release, plus special conditions to include mandatory drug testing, submit to DNA collection, financial disclosure, restrictions from new lines of credit, gambling restrictions, drug and alcohol testing and treatment, mental health treatment, sex offender testing and treatment, restrictions from sexually explicit content, and a sex offender

search requirement. Defendant has since had conditions modified and has twice had his supervised release revoked on November 17, 2022 and July 26, 2023. On May 5, 2024, Defendant completed his term of imprisonment and began service of his third and current term of supervision.

Under the terms of supervised release, Defendant was required to refrain from unlawful use of a controlled substance. In Allegation 1 of its petition, the government alleges that Defendant violated the conditions of his supervised release when he tested positive for marijuana on July 16, 2024. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by using marijuana, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade C violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision as alleged in Allegation 1 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of 6 months imprisonment, with 2 years supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and he be sentenced to a term of 6 months imprisonment, with 2 years supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 2nd day of August, 2024.**

*[signature: John D. Love]*

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE